UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JESUS PUIG, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0176 AS |
| | ) | |
| JOHN VANNATTA, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about March 25, 2005, *pro se* petitioner, Jesus Puig, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on August 25, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a Traverse on September 9, 2005, which this Court has carefully examined.  For the immediate reference here, this court takes note of the unpublished memorandum decision of the Court of Appeals of Indiana entered July 9, 1991 authored by then Judge Shields, since a United States magistrate judge in the Southern District of Indiana, and concurred in by Judges Baker and Buchanan.  For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A," attached hereto and incorporated herein.  It is to be noted that the Supreme Court of Indiana denied transfer on or about December 30, 1991.

The reversed conviction was returned to the courts in Marion County, Indiana, and the

State of Indiana moved that state trial court to dismiss the reversed dealing in cocaine charge which the state trial court granted. Then much time passed. On June 8, 1999, the state post-conviction court denied this petitioner's petition for post-conviction relief. Soon thereafter, the Indiana Court of Appeals dismissed the petitioner's appeal from that denial which was done on or about October 28, 1999. Again, on December 20, 1999, the Supreme Court of Indiana denied transfer. This petitioner has sought to file successive petitions for post-conviction relief, and the Court of Appeals of Indiana has denied all of those petitions.

This petitioner should have the benefit of *Houston v. Lack,* 487 U.S. 266 (1988). The State of Indiana asserts that this petition is untimely under 28 U.S.C. §2244(d)(1) of the Anti-Terrorism and Effective Death Penalty Act of 1996. The question comes as to whether someway or other there is a tolling under the provisions of 28 U.S.C. §2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4 (2000).

A little history is important. The AEDPA became effective on April 23, 1996, and there was a one-year judicially created grace period which made April 23 or April 24, 1997 important. *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002). The courts of the State of Indiana completed post-conviction review here on December 20, 1999. This petitioner had one year after the final disposition of the state post-conviction petition or until December 21, 2000 to file his habeas corpus petition under 28 U.S.C. §2254. It was filed March 25, 2005, and *Houston v. Lack,* 487 U.S. 266 (1988) just does not do it for this petitioner. The reasoning and result in *Tinker v. Hanks*, 255 F.3d 444 (7th Cir. 2001) is also relevant here.

The massive filing made pro se by this petitioner on September 9, 2005 simply does not change this result.  This court fails to find any basis here for any version of equitable tolling.  *See Pace v. DiGuglielmo, Supt.*, ___ U.S. ___ (February 28, 2005).  The petition for relief under 28 U.S.C. §2254 is therefore **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  September 13, 2005

                                            **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**