UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JESUS PUIG, | ) |
| | ) |
| Petitioner, | ) |
| | )   Cause No. 3:05-CV-176 AS |
| vs. | ) |
| | ) |
| JOHN VANNATTA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**OPINION AND ORDER**

On October 5, 2005, Mr. Puig filed a Petition for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Puig's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Puig's post conviction review was

completed on December 20, 1999. He had one year to file his petition for habeas corpus relief, but did not file this petition until March 25, 2005. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Puig had one year from the "expiration of the time for seeking (direct) review" to file his habeas petition, or until December 21, 2000. Thus, his petition filed March 25, 2005 was too late because over four years of delay had lapsed.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby DENIED because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

The petitioner filed a motion to proceed *in forma pauperis*. Because Mr. Puig's petition was dismissed as untimely and he makes no assertion that it is timely, this appeal is not taken in good faith because it has no merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Accordingly, the motion to proceed *in forma pauperis* is **DENIED**.

SO ORDERED.

ENTERED: December 5, 2005

            S/ ALLEN SHARP
            ALLEN SHARP, JUDGE
            UNITED STATES DISTRICT COURT